IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-92-1BO
No. 5:16-CV-632-BO

| | |
|---|---|
| DERRICK LAMONT MASSENBURG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This cause comes before the Court on motions by petitioner to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has moved to dismiss, petitioner has responded to the motion to dismiss, and the matters are ripe for ruling. For the reasons discussed below, petitioner's motion is dismissed.

## DISCUSSION

Now pending before the Court are two motions to vacate pursuant to 28 U.S.C. § 2255. The first was filed on June 29, 2016, and the second was filed on July 25, 2016. Both motions seek relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). 28 U.S.C. § 2244(3)(A) provides that before a second or successive habeas corpus petition may be filed in district court, the petitioner must move the appropriate court of appeals for an order authorizing the district court to consider the application.

Petitioner has filed a previous 28 U.S.C. § 2255 petition which was considered and dismissed on the merits. [DE 115]. This Court is therefore without jurisdiction to review these matters until authorized to do so by the Fourth Circuit Court of Appeals. In point of fact, by

order entered July 12, 2016, the court of appeals denied petitioner's motion pursuant to 28 U.S.C. §§ 2244(b) and 2255(h) seeking authorization to file a second or successive § 2255 motion based on *Johnson*. *In re: Massenburg*, No. 16-9449 (4th Cir. July 12, 2016). After the Fourth Circuit's denial of leave to file, petitioner filed another motion to vacate based on *Johnson* in this Court. [DE 134]. The Court remains without authorization to consider this motion without authorization to do so by the court of appeals.

## CONCLUSION

In the absence of the appropriate authorization, the Court is without jurisdiction to consider petitioner's § 2255 motions and they are DISMISSED without prejudice. [DE 123 & 134]. The government's motion to dismiss [DE 143] is GRANTED. Petitioner's motion for transcript [DE 131] is DENIED. *See Morin v. United States*, 522 F.2d 8, 9 (4th Cir. 1975).

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motions debatable, a certificate of appealability is DENIED.

SO ORDERED, this 25 day of October, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE